KENNEDY v. JOHN WANAMAKER, NEW YORK.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

1. MASTER AND SERVANT (§ 216*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

A porter, while cleaning the shaft of a passenger elevator in the basement of a building under the direction of the foreman of the porters, was struck by counterweights of the elevator descending because the operator of the elevator moved it. The operator was informed of the porter's presence in the shafts, and notices, "Elevator not running," furnished for the purpose, were, according to custom, posted near the elevator entrance on each floor, and according to custom it was the duty of the operator to hold the elevator at the first floor until notified by the porter that the work in the shaft was completed. Without such notice, the operator raised the elevator, causing the accident. There was no defect in the appliances, and no evidence that the operator was incompetent, other than might be inferred from the moving of the elevator in violation of the custom, nor that the operator had violated the custom before. *Held*, that the porter as a matter of law assumed the risk of any negligence of the operator.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 567; Dec. Dig. § 216.*]

2. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—BURDEN OF PROOF.

Where, in an action by an employé for injuries while cleaning the shaft of a passenger elevator, caused by the operator of the elevator moving it, the evidence showed that the employer had furnished printed and written instructions for the guidance of the elevator operators, the employé had the burden of showing that the instructions had not been communicated to the operator, and, in the absence of proof, it would be assumed that the elevator operator had been properly instructed.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 887–908; Dec. Dig. § 265.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MASTER AND SERVANT (§ 162*)—INJURY TO SERVANT—NEGLIGENCE.

    Where an employer maintaining a passenger elevator in his building properly instructed the operator of the elevator not to move it while a servant was cleaning the shaft, the employer was not required to employ a watchman to see that the operator obeyed the instructions, and hence was not liable for injuries to the servant caused by the operator negligently starting the elevator in violation of his duty.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 327; Dec. Dig. § 162.*]

    Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Patrick Kennedy against John Wanamaker, New York. From a judgment of dismissal entered on a direction of the court on a motion for nonsuit at the close of plaintiff's case, plaintiff appeals. Affirmed.

See, also, 134 App. Div. 950, 118 N. Y. Supp. 1117.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Richard J. Donovan, for appellant.
Herrick C. Allen, for respondent.

LAUGHLIN, J. On the 11th day of January, 1908, the plaintiff, while in the employ of defendant and engaged in the performance of his duties as a porter in cleaning the shaft of a passenger elevator in the basement of the defendant's department store in the city of New York, was struck and severely injured by counterweights of the elevator which descended, not owing to any accident to the machinery, but by the operation of the elevator by the regular operator thereof, Clark, who was also in the employ of defendant, and this action is brought to recover damages for the injuries thus sustained.

The complaint contains two counts, in both of which liability is predicated upon the same state of facts; excepting that in the first a cause of action at common law is alleged, and the second attempts to allege a cause of action under the employer's liability act. The second count was abandoned on the trial. The question presented for decision on this appeal is whether the plaintiff alleged and proved a cause of action against his employer for negligence under the common law.

The plaintiff alleged in the first count of his complaint, and his testimony is to the same effect, that the foreman of the porters directed him to clean the shaft; that in accordance with the custom which had existed since defendant took charge of the store in October, 1896, and for two or three years prior thereto during the occupancy thereof by defendant's predecessor, during all of which time plaintiff was employed in the same capacity, he thereupon informed the operator of the elevator that he was about to clean the shaft in the basement, and directed said operator to post the usual notices; that thereupon framed notices provided for that purpose, printed in large type, were posted upon the several floors at the entrance to the elevators on which were the words, "Elevator not running," and the elevator was brought

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to a stop at the first floor, where it was the duty of the operator, according to the custom, to hold it until notified by the plaintiff that his work in the shaft below was completed; that, notwithstanding this, after the plaintiff had been working in the shaft below the elevator for a period of about 40 minutes, the operator moved the elevator to about the sixth floor, causing the counterweights to descend in the groves in which they slid and to come in contact with plaintiff; that, when the elevator shafts above the basement floors were cleaned by the porters, like notices were hung out, and the porters stood upon the elevators in doing their work and signaled the operator from time to time as it became necessary to change their position.

The negligence charged is that the defendant failed to properly protect the plaintiff, to make and enforce proper rules with respect to giving warning, to refrain from operating the elevator, to post sufficient notices, and to instruct its servants properly, and that it negligently caused the elevator to be operated while plaintiff was in the basement below, and negligently permitted the elevator to become and remain out of repair so that it would start without the application of power, and employed incompetent servants. The only material evidence given bearing on any of these theories of negligence has already been stated. There was no evidence of any defect in the elevator and no evidence that any of the operators were incompetent, other than might be inferred from moving the elevator on this occasion in violation of the custom; but there is no evidence that the operator ever did this before. The evidence shows that all necessary notices were posted as already stated. A reversal of the judgment is sought principally upon the ground that the defendant neglected to adopt and promulgate rules, and to properly instruct its servants.

[1] The plaintiff had, I think, received all necessary instructions, and he assumed the risk of any negligence in this regard, for he was fully acquainted with the manner in which the work was done and knew the danger quite as well as his employer.

It is not necessary to decide whether the nature of this business was such that it was the duty of the defendant to adopt and promulgate formal rules or to give specific instructions to its servants with respect to the operation of the elevators while porters were working in the shaft, for, if the common law devolved that duty on the defendant, it is not to be presumed that it was not performed, and it appears by the evidence that there were printed and written instructions for the guidance of the elevator operators, and it was not shown that these instructions were not communicated to them.

[2] If that would have availed plaintiff, the burden of showing it rested upon him, and not on the defendant. The only negligence to which the evidence points is the neglect of the operator of the elevator to perform his duty to refrain from moving the elevator in a manner that would precipitate either it or the counterweights on the plaintiff, who was working below him in the shaft.

[3] Assuming, as we must, that the elevator operator was properly instructed with respect to the performance of his duties, then I am of opinion that the defendant was not required to employ another

man or men to stand guard over the elevator operator and give notice to the plaintiff in case the elevator was negligently started in violation of the custom and of the duty devolving on the operator. If it may be said that it was the duty of the defendant at common law to hire another employé to watch the elevator operator, then it is difficult to see where that duty would end, for as well might it be said that the jury might speculate and say that the further duty devolved on the defendant to employ still another watchman to watch the first and see that he performed his duties, and the number of employés to be thus employed to see that other employés performed their duties would in each case depend on the opinion of the jury with respect to the particular facts. No authoritative decision in this jurisdiction has as yet gone to that extent, and it would be opposed to precedents. The effect of the opinion of the Presiding Justice is, I think, to make the master responsible for the negligent act of the elevator operator. Within well-decided precedents, the elevator operator was a coemployé, the risk of whose negligence plaintiff assumed.

I am therefore of opinion that under well-settled law the plaintiff failed to establish a cause of action, and that the nonsuit was proper.

It follows, therefore, that the judgment should be affirmed, with costs.

McLAUGHLIN and MILLER, JJ., concur.

INGRAHAM, P. J. (dissenting). Plaintiff was in the employ of defendant as a porter, and had been so employed for several years prior to the 11th of January, 1908, when he sustained the injuries to recover for which this action was brought. There were a number of porters employed by the defendant, who maintains a large department store in this city. One Reinhart was foreman of the porters, and the plaintiff was under his orders. Among other duties which these porters were called upon from time to time to perform was cleaning the elevator shafts. There were a large number of passenger elevators in the building and on the morning of January 11, 1908, Reinhart directed plaintiff to clean the bottom of the shaft of a passenger elevator, and to clean this elevator shaft it was necessary to place planks across the shaft to stand on while engaged in cleaning it. After receiving this order, plaintiff got a plank, told the man in charge of the elevator that he was going to clean the shaft, placed the plank across the shaft, and went to work. This was on the basement floor; the shaft extended down to the floor below. While the plaintiff was engaged in this work, Reinhart came and saw plaintiff at work and gave him instructions in regard to the work. About two minutes after the elevator was moved upward or toward the top of the building, when one of the counterweights descended and struck the plaintiff, inflicting severe injuries.

It was the custom of the men doing this work to inform the man in charge of the particular elevator in the shaft of which they were going to work, and that rule was complied with by the plaintiff in this case. There was evidence that, after this notice was given to the man

in charge of the elevator, he placed notices on the various doors leading to the elevator on the various floors of the building that the elevator was not running. There was no evidence as to what caused this elevator to move; the man in charge of the elevator not having been produced as a witness.

The general manager of the defendant was called by the plaintiff and testified that in the defendant's store there were 34 or 35 passenger elevators; that there was no book of printed rules for the elevator operators; that there were some written rules that were given to the elevator operators, but the substance of them was not proved, nor was a copy produced. Upon this testimony, at the close of the plaintiff's case, the court dismissed the complaint, to which the plaintiff excepted.

The plaintiff was sent by his foreman to work at the bottom of an elevator shaft. It was obviously a place of danger; the safety of the plaintiff while at work depending upon the absence of movement in the elevator. The obvious danger was that, if the elevator moved down, the plaintiff was liable to be crushed, and, if it moved up, the descending counterweights would necessarily move downward and subject plaintiff to a liability to injury. There was, therefore, it seems to me, an obvious duty imposed upon the master to maintain the place at which he had put his employé at work as a safe place to work and one that he could not delegate without assuming responsibility for the negligence of the agent to whom he delegated the authority to act for him at the time. The foreman whom the defendant had placed in charge of these men had directed the plaintiff to work at this place. Within about 10 minutes of the time of the accident, the foreman had seen the plaintiff at work there and had then given him instructions as to his work. The man in charge of this elevator was given notice by the plaintiff that he was at work in the elevator shaft, and, notwithstanding this notice, and the obvious duty resting upon the defendant to furnish the plaintiff a safe place in which to work, the elevator descended, with the result that the counterweights descended and crushed the plaintiff. The duty always rests upon an employer to furnish his employés with a safe place in which to work, and that includes the duty of keeping the place at which an employé has been directed to work reasonably safe. This is a duty which the master cannot delegate to another employé so as to free him from liability. Simone v. Kirk, 173 N. Y. 7, 65 N. E. 739; Kirby v. Montgomer, 197 N. Y. 27; Glennon v. Star Company, 130 App. Div. 491, 114 N. Y. Supp. 1044, affirmed 197 N. Y. 597, 91 N. E. 1113; Palmijiano v. Hyde-McFarlin Co., 126 App. Div. 221, 110 N. Y. Supp. 368, affirmed 194 N. Y. 524, 87 N. E. 1124. In the latter case the court said:

"When * * * the master directs the performance of work by his servant at a place which may become dangerous, and such danger may be foreseen and guarded against by the exercise of reasonable care, it is the master's duty to exercise such care and adopt such precautions as will protect the servant."

We have therefore in this case the fact that the plaintiff was placed by the defendant's direction in a place to work which was obviously

dangerous and where the safety of the plaintiff depended upon the elevator above him being kept stationary. We have the duty imposed by law upon the master to see to it that the place was maintained in such a condition that it continued to be during the time that the plaintiff was so employed a safe place to work; the safety depending upon the elevator being kept stationary during the time that the plaintiff was there at work. It was therefore an obvious duty of the defendant to take such precautions as were necessary to prevent the elevator from being moved while the plaintiff was at work. Plaintiff's immediate superior had knowledge of the conditions and had knowledge of the fact that the plaintiff was at work in this dangerous place. There is no evidence as to who moved the elevator; but the existing conditions would seem to preclude any one from interfering with it except those in whose charge the defendant had placed the elevator or the machinery that moved it. This is therefore, I think, one of the cases in which the application of the maxim res ipsa loquitur is justified, and proof of the accident itself justifies the inference that the master or those in whom he had vested authority to control the movement of the elevator were negligent, throwing the burden upon the defendant of establishing the fact that he had performed the duty that the law imposed upon him of taking reasonable precautions to keep this place safe during the continuance of the plaintiff's work in the shaft. The law imposed this duty upon the master, and it was one that he could not delegate so as to escape liability. The elevator itself and the machinery that moved it were under the control of the master, and not under that of the plaintiff or those occupying positions in the master's employ of a similar grade, and the inference is justifiable that the movement of the elevator was caused by the action of the master or of those upon whom he had devolved the duty of controlling the movements of the elevator. The elevator did move, rendering the place at which the plaintiff was at work unsafe, and causing the plaintiff the severe injuries for which he seeks compensation. This, I think, threw upon the master the burden of showing that the accident was one which happened notwithstanding the proper performance of his duty to maintain this position in which he had placed the plaintiff at work as a safe and proper place for him to work.

Nor do I think as a matter of law that the plaintiff assumed the risk of the negligent movement of this elevator while in this position of danger. He was clearly in a position in which he could not be expected to watch for the movement of the elevator, and there is no evidence that under such conditions the elevator had ever before been moved, so as to subject a person occupying his position to danger. He had given notice to the person in whose custody the defendant had placed the elevator. His foreman had ordered him to work at this particular place and was aware 10 minutes before the accident that the plaintiff was then working in the shaft. The law, as I view it, placed the absolute duty upon the master to keep the place at which the plaintiff was working as safe as the conditions under which the work was done permitted, and a reasonably prudent person, under

those circumstances, could not have presumed that the elevator would move and subject him to danger. It seems to me that from the evidence the inference was justified that the master had not performed the duties which devolved upon him; that the injury to the plaintiff resulted therefrom; that the burden of showing that he had exercised the necessary care to prevent the accident and render the place at which he had directed the plaintiff to work as safe as the circumstances permitted was cast upon the master; and that the plaintiff did not as a matter of law assume the risk of this violation of the defendant's duty to him.

It follows, therefore, that the judgment appealed from should be reversed.

DOWLING, J., concurs in dissent.